UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| YANICK JOAO CARNEIRO, <br><br> Petitioner, <br><br> v. <br><br> DAVID WESLING, <br> *Acting Director of U.S. Immigration and Customs Enforcement Boston Field Office*, Et. Al. <br> Respondents. | 2:26-cv-00033-SDN |

## ORDER TO SHOW CAUSE

On January 20, 2026, Petitioner Yanick Joao Carneiro filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary restraining order. ECF Nos. 1, 2. This Petition came in after the Court's normal business hours.

According to the verified petition, Mr. Joao Carneiro is from Angola and is not a United States Citizen. He entered the United States without status in April of 2023, and the U.S. Department of Homeland Security ("DHS") detained him and initiated removal proceedings in Immigration Court. DHS served him an I-862, Notice to Appear ("NTA") and released him from detention. ECF No. 1. Petitioner submitted a timely application for asylum to the Immigration Court and remains in removal proceedings. He is scheduled for a Master Calendar Hearing before an Immigration Judge in Chelmsford, Massachusetts, on November 18, 2027. Petitioner lives in Portland, Maine with his wife and two small children; both children are United States citizens. Petitioner works at a home improvement retail store.

1

On the morning of January 20, 2026, Petitioner reported to the U.S. Immigration and Customs Enforcement ("ICE") field office in Scarborough, Maine for a routine check-in. There, ICE detained Petitioner. Petitioner's family is not sure of his whereabouts, but believes he remains detained in ICE custody in Scarborough, Maine.[1]

Petitioner seeks, among other remedies, a writ of habeas corpus ordering his immediate release, a declarative order, and an emergency restraining order prohibiting his transfer out of the District of Maine during these proceedings.

On January 20, 2026, this Court issued an Emergency Order Concerning Stay of Transfer or Removal enjoining respondents from removing the Petitioner from the jurisdiction of the United States or transferring petitioner to a judicial district outside of Maine for a period of at least 72 hours in order to provide the Court with a fair opportunity to review the merits of the petition and rule on any contested issues of jurisdiction. ECF 3. To ensure that I can assess the merits of the petition, Respondents are **ENJOINED** from removing Petitioner from the jurisdiction of the United States or transferring Petitioner to a judicial district outside that of Maine during the pendency of his Petition pending further order of the Court.

Respondents are **ORDERED TO SHOW CAUSE** as to the basis for Petitioner's detention by **noon** on January 22, 2026. *See* 28 U.S.C. § 2243. Respondents are directed to substantively respond as to any provisions of law or fact in this case which would distinguish it from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and other similar cases previously decided by this Court, or indicate

---

[1] Because Mr. Joao Carneiro currently is detained in Maine, this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

the matter is not substantively distinguishable. Respondents are also **ORDERED** to provide the Court with the location of Petitioner's detention facility by **5:00PM** on **January 21, 2026**.

If the Petitioner seeks to respond, he is **ORDERED** to file a response on or before noon on January 23, 2026. *See* 28 U.S.C. § 2243. If he does not intend to file a response, he should inform the Court as soon as practicable.

**SO ORDERED.**

Dated this 21st day of January, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**